DOCKET NO. 822

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

DEC -5 1989

PATRICIA D. ▒▒▒▒
CLERK OF THE PAN▒

IN RE FAIRCHILD INDUSTRIES, INC., AND GMF INVESTMENTS, INC., "ERISA" LITIGATION

TRANSFER ORDER*

This litigation presently consists of two actions pending in two federal districts: one action each in the Western District of Texas and the Northern District of Florida. Before the Panel is a motion by Fairchild Industries, Inc. (Fairchild), a defendant in each action, to transfer the Texas action to the Northern District of Florida, pursuant to 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings with the action pending there. The two original Florida plaintiffs and five defendants have joined in Fairchild's Section 1407 motion. In addition, Fairchild represents that eleven other defendants -- allegedly directors of Fairchild -- support its motion. NCNB Texas National Bank (NCNB), the plaintiff in the Texas action and recently added as a plaintiff in the Florida action, opposes Section 1407 centralization. If the Panel nevertheless deems centralization appropriate, which NCNB acknowledged at the Panel hearing makes sense managerially, then NCNB would favor the Western District of Texas as the transferee district.

On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact and that centralization under 28 U.S.C. §1407 in the Northern District of Florida will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The complaints in both actions contain similar allegations of wrongful conduct in connection with the transfer of funds from one Employee Stock Ownership Plan to another. Centralization under Section 1407 is thus desirable in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of Florida is the appropriate transferee forum. We note that 1) all parties in the litigation except one favor selection of the Florida forum; 2) NCNB, the sole opponent of the Florida forum, has recently been added as a party in the Florida action; and 3) the Florida action is the first-filed action in the litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Western District of Texas be, and the same hereby is, transferred to the Northern District of Florida and, with the consent of that court, assigned to the Honorable C. Roger Vinson for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

FOR THE PANEL:

Andrew A. Coffrey
Chairman

---

* Judge Milton Pollack took no part in the decision of this matter.

## Schedule A

MDL-822 -- In re Fairchild Industries, Inc., and GMF Investments, Inc., "ERISA" Litigation

### Western District of Texas

NCNB Texas National Bank v. GMF Investments, Inc., et al., C.A. No. SA89-CA-1229

### Northern District of Florida

Oscar Ray Hall, et al. v. Fairchild Industries, Inc., et al., C.A. No. 89-Civ-30222-RV